UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WILLIAM ROBERTS                                                    PLAINTIFF

vs.                                                    Civil No. 1:23-cv-00154-GHD-RP

THE CITY OF BOONEVILLE, MISSISSIPPI; et al.              DEFENDANTS

## MEMORANDUM OPINION

Presently before the Court in this *pro se* Section 1983 action are the Defendants'
separate unopposed motions for judgment on the pleadings [27, 37, 43]. Upon due
consideration, and for the reasons set forth below, the Court finds the motions should be
granted and the Plaintiff's claims dismissed.

### Background

In November 2022, the Plaintiff, William Roberts, was arrested by Defendant
Officer Wesley Ferrell of the Booneville Police Department pursuant to an arrest warrant
signed by a Municipal Judge from the City of Booneville [27-1]. The Plaintiff was then
charged with one count of aggravated assault during his initial appearance, and his bail was
set at $30,000.00 [27-3]. A Prentiss County Circuit Court grand jury then indicted the
Plaintiff on the aggravated assault charge two months later [27-4]. The Plaintiff was then
arraigned in the Prentiss County Circuit Court on March 20, 2023, and again his bail was
set at $30,000.00 [27-5]. Currently, the criminal charges against the Plaintiff remain
pending [27-6].

The Plaintiff, who is proceeding *pro se*, filed this lawsuit on October 31, 2023,
asserting claims under 42 U.S.C. §1983 for, *inter alia*, false arrest and excessive bail [1].

The Defendants now separately move for judgment on the pleadings [27, 37, 43] pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Plaintiff has not opposed any of the Defendants' motions.

### Standard of Review

After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *See Brown v. CitiMortgage, Inc.*, 472 Fed. App'x. 302, 303 (5th Cir. 2012) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (*citing* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### Discussion and Analysis

In his Complaint, the Plaintiff alleges that the Defendants falsely arrested him and subjected him to excessive bail [1]. For the reasons stated below, the Plaintiff's claims have no merit and shall be dismissed.

As for the municipal Defendants, under *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978) and its progeny, a municipality may only be held liable under 42 U.S.C. § 1983 for violating a citizen's constitutional rights if "the governmental body itself 'subjects' [that] person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51 (2011). Governmental entities are

"responsible only for [their] own illegal acts" and are "not vicariously liable under § 1983 for [their] employees' actions." *Id.* Thus, there is no respondeat superior liability under § 1983; rather, the key to municipal liability is demonstrating that a deprivation of a constitutional right was inflicted pursuant to an official policy or custom of the municipality in question. *Monell*, 436 U.S. at 694. The alleged unconstitutional conduct asserted "must be directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

To establish constitutional liability under *Monell*, a plaintiff must therefore demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247-249 (5th Cir. 2003). A "policy or custom" can be either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *McGregory v. City of Jackson*, 335 Fed. App'x 446, 448-449 (5th Cir. 2009); *Crawford v. Desoto Cty. Sheriff's Dep't*, No. 3:19CV013-MPM-RP, 2020 WL 55611, at *5 (N.D. Miss. Jan. 6, 2020).

As for the individual defendants, qualified immunity shields state officials from suit so long as the official's complained-of conduct did not violate a clearly established statutory or constitutional right that a reasonable official would have known violated the

law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011). The Plaintiff bears the burden of negating a defendant's invocation of qualified immunity. *Howell v. Town of Ball*, 827 F.3d 515, 525 (5th Cir. 2016). In addition, it is axiomatic that, in order to state a claim against an individual government official defendant, a Plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676; see *Hernandez v. Duncanville Sch. Dist.*, No. 3:04-CV-2028, 2005 WL 723458, at *9 (N.D. Tex. Mar. 29, 2005) (holding that, in order to state claim against an individual governmental actor, a plaintiff must "state specifically how [each governmental official] took actions that deprived [the plaintiff] of a constitutionally or statutorily protected right, and state specifically how the conduct of each caused [the plaintiff's] injuries.")

In the case *sub judice*, the Court finds that the Plaintiff's Complaint, even after accepting all well-pled facts as true and drawing all reasonable inferences in the Plaintiff's favor, fails to show a Constitutional violation. First, to properly plead a false arrest claim, the Plaintiff must sufficiently aver that the arresting officer "did not have probable cause to arrest him." *Anokwuru v. City of Houston*, 990 F.3d 959, 963 (5th Cir. 2021). Further, "if facts supporting an arrest are placed before an intermediary such as a magistrate judge or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Id.*; *Winfrey v. Rogers*, 901 F.3d 483, 497 (5th Cir. 2018).

Here, the Plaintiff's false arrest claim must be dismissed as to all of the Defendants because the facts supporting the Plaintiff's arrest were placed before a grand jury as well as a Circuit Court Judge and a Municipal Court Judge. In a similar case, *Lock v. Torres*,

694 F. App'x 960, 963-64 (5th Cir. 2017), the Fifth Circuit held that false arrest claims against law enforcement officers and the municipality were properly dismissed because the plaintiff was brought before a judge who found the arrest to be supported by probable cause. *Id.* Likewise, in the case *sub judice*, the facts of the Plaintiff's arrest were placed before at least three impartial intermediaries – the Municipal Court Judge who signed the warrant and before whom the Plaintiff made his initial appearance; the Grand Jury that indicted him; and the Prentiss County Circuit Judge who presided at the Plaintiff's arraignment. Given these facts, the Plaintiff's false arrest claims are dismissed.

Similarly, the Plaintiff's claim for excessive bail is without merit. Under the Eighth Amendment, "the amount of bail cannot be 'excessive' – that is, 'higher than . . . reasonably calculated to' ensure the accused's appearance." *Stack v. Boyle*, 342 U.S. 1, 5 (1951); *Booth v. Galveston County*, No. 3:18-CV-104, 2019 WL 3714455, at *2 (S.D. Tex. Aug. 7, 2019), *rec. adopted as modified*, 2019 WL 4305457 (S.D. Tex. Sept. 11, 2019).

The Plaintiff has not adequately alleged that his bail was excessive – indeed, he posted the required bail and was released. This fact alone implies that his bail was not excessive. *Granger v. Slade*, 361 F. Supp. 2d 588, 596-97 (S.D. Miss. 2005). In any event, the subject bail amount, $30,000.00, is well within the established bond guidelines for the subject offense of aggravated assault. Mississippi Rule of Criminal Procedure 8.2(c), which establishes guidelines for state courts to use in setting bail, recommends a bail range of $10,000 to $100,000 for the offense of aggravated assault. Miss. R. Crim. P. 8.2(c). The Plaintiff's bail amount of $30,000, therefore is, if anything, closer to the lower end of the recommended amount rather than the higher end. Accordingly, the Court finds that the Plaintiff's claim for excessive bail is without merit and it shall be dismissed.

Finally, the Plaintiff has included two jails, Prentiss County Jail and Tishomingo County Jail, as Defendants. Both have moved for judgment on the pleadings. In short, these claims are not cognizable because a county jail is not an entity that is capable of being sued under state or federal law. *Brown v. Thompson*, 927 So. 2d 733, 734 (Miss. 2006); *Jackson v. City of Gulfport*, No. 1:16CV420-LG-RHW, 2017 WL 651956, at *2 (S.D. Miss. Feb. 16, 2017).

A local government entity "must enjoy a separate legal existence in order for it to be properly named as a defendant." *Rollins v. Hattiesburg Police Dep't*, No. 2:14cv61-KS-MTP, 2015 WL 4276386, at *5 (S.D. Miss. July 14, 2015); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). "The capacity for an entity to be sued is determined according to state law." *Cooley v. Forrest Cnty. Sheriff's Dep't*, No. 2:20-cv-5-KS-MTP, 2020 WL 5118054, at *2 (S.D. Miss. Aug. 31, 2020); *Crull v. City of New Braunfels*, 267 Fed. App'x 338, 341 (5th Cir. 2008). Here, it is further well-established that "[u]nder Mississippi law, a county jail is not a separate legal entity which may be sued, rather it is an extension of the county." *Guillory v. Jones Cnty. Jail*, No. 2:14CV157-KS-MTP, 2014 WL 5847536, at *2 (S.D. Miss. Nov. 12, 2014); *Tuesno v. Jackson*, No. 5:08-CV-302(DCB)(JMR), 2009 WL 1269750, at *1 (S.D. Miss. May 7, 2009) (holding that "Defendant[] Wilkinson County Jail . . . [is] not [a] political subdivision[] or legal [entity] in and of [itself], but rather [is] merely [a] department[] of Wilkinson County, Mississippi. Therefore, the jail . . . cannot be [a] proper part[y] and must be dismissed with prejudice.").

In the case *sub judice*, the Plaintiff has sued both Prentiss County Jail and Tishomingo County Jail [1]. As noted above, however, because neither jail is a separate

legal entity capable of being sued or named as a defendant, the Plaintiff's claims against both jails shall be dismissed.

## Conclusion

For these reasons, the Court finds that the Defendants' separate motions for judgment on the pleadings shall be granted and the Plaintiff's claims dismissed.

An order in accordance with this opinion shall issue this day.

THIS, the _17_ day of June, 2024.

_____

SENIOR U.S. DISTRICT JUDGE